PER CURIAM
Respondent, Gregory Cook, engaged in a conflict of interest. For this misconduct, we suspended respondent for a period of six months, with all but thirty days deferred, subject to one year of unsupervised probation. In re: Cook , 18-1076 (La. 12/5/18), --- So.3d ----, 2018 WL 6390368 *538 (" Cook I "). Respondent did not file a request for a rehearing, and the order of suspension became final and effective on December 20, 2018. In the instant matter, the Office of Disciplinary Counsel ("ODC") seeks to make the deferred suspension executory, based upon allegations that respondent engaged in the unauthorized practice of law during his suspension and made false representations in his affidavit for reinstatement.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On February 8, 2019, respondent telephoned the ODC to discuss his probation. Both during this telephone call and thereafter in writing, respondent admitted that he regularly engaged in the practice of law after the effective date of his suspension.
The ODC has verified numerous actions taken by respondent during his suspension which constitute the practice of law:
1. On December 20, 2018, respondent appeared and participated in a pretrial hearing in Evangeline Parish (docket number 112,907).
2. On December 28, 2018, respondent filed a petition for damages in Evangeline Parish (docket number 77943).
3. On January 2, 2019, respondent filed a motion to withdraw and then appeared in court to argue that matter the next day, January 3, 2019 (docket numbers 03-17-0160, 10-17-0010, and 11-14-0615).
4. On January 8, 2019, respondent attended and participated in a status conference in the 19th JDC (docket number 06-18-0509).
5. On January 22, 2019, respondent filed a motion to withdraw (docket number 06-17-0353).
6. On January 28, 2019, respondent appeared in the 19th JDC at a status conference and requested a continuance (docket number 08-18-0492).
7. On January 31, 2019, respondent appeared in the 19th JDC on a probation revocation matter and asked for a continuance (docket numbers 01-18-0287 and 07-17-0608).
On March 4, 2019, respondent submitted an affidavit pursuant to Supreme Court Rule XIX, § 23, certifying his full compliance with the court's suspension order. Supreme Court Rule XIX, § 23 provides:
A lawyer who has served a suspension period of one year or less pursuant to disciplinary proceedings, exclusive of any waivers or periods of deferral, shall be reinstated at the end of the period of suspension by filing with the court and serving upon disciplinary counsel an affidavit stating that the lawyer has fully complied with the requirements of the suspension order , has filed the attorney registration statement required by Rule XIX, § 8(C) of these rules, and has paid currently owed bar dues, disciplinary administration and enforcement fees, filing fees and disciplinary costs. A certificate from the Administrator of the Disciplinary Board shall be attached to such affidavit evidencing that the lawyer has paid all disciplinary costs. [Emphasis added].
In his affidavit, respondent certified to this court that he "complied with any and all orders" of this court and also indicated that during his suspension, "certain measures were taken in an attempt to prevent running afoul of the Rules of Professional Conduct." Despite his representations in the affidavit, respondent continued to practice law during his suspension. He also failed to attach a certificate from the Administrator of the Disciplinary Board *539 evidencing that he had paid all disciplinary costs.
On March 13, 2019, the ODC filed the instant "Petition to Make Deferred Suspension Executory." In this petition, the ODC argues that respondent has violated Rule 5.5 of the Rules of Professional Conduct by practicing law while suspended. The ODC further argues that respondent made false representations in his affidavit. Together, these actions warrant the revocation of the deferred portion of respondent's suspension in Cook I.
In his response to the petition, respondent maintains that he never intended to circumvent the Rules of Professional Conduct, but was simply waiting for the ODC to inform him of the date his suspension would commence. Respondent indicates that while erroneously awaiting notification of a suspension date, he was unknowingly practicing law within the suspension period. Respondent reasonably thought he would have received ample notice of his suspension date so he could take action to protect his clients.
DISCUSSION
Respondent was found to have engaged in a conflict of interest, leading the court to impose a six-month suspension, with all but thirty days deferred, subject to a one-year period of probation. Thereafter, during the active period of his suspension, respondent engaged in the practice of law. Prior to being reinstated, respondent submitted an affidavit certifying his full compliance with the court's suspension order. This affidavit, however, contained false representations.
We agree that these circumstances constitute misconduct. Although the ODC has requested that that the previously-deferred portion of the suspension be made executory, we find no evidence that respondent has served any part of the active portion of his suspension. To the contrary, the record reveals respondent continued to practice law between the finality of our decree on December 20, 2018 through January 31, 2019. Accordingly, we will make the entire six-month suspension imposed in Cook I immediately executory, to commence from the date of this decree.
DECREE
For the reasons assigned, the suspension imposed in In re: Cook , 18-1076 (La. 12/5/18), --- So.3d ----, 2018 WL 6390368, is made immediately executory, and respondent is hereby suspended for a period of six months from the date of this decree. All costs and expenses in the matter are assessed against respondent, Gregory Cook, Louisiana Bar Roll number 34268, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Hughes, J., would not make suspension executory.